UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

FILED17 NOV '21 16:51USDC-ORP

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-437-SI |
| v. | |
| KIMBERLY ARALENE WELLS, | **INDICTMENT** |
| Defendant. | 18 U.S.C. § 1343 and Forfeiture Allegation<br>**UNDER SEAL** |

**THE GRAND JURY CHARGES:**

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

    1.    **KIMBERLY ARALENE WELLS ("WELLS")**, defendant herein, resided in Portland, Oregon, and worked as a self-employed housecleaner or was unemployed.

    2.    On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law. That statute created the Paycheck Protection Program (PPP), which authorized the United States Small Business Administration (SBA) to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers. The Act required lenders making loans under the PPP to defer all repayment obligations on such loans for not less than six months and required borrowers to

certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments."

3. In order to obtain a PPP loan, each applicant was required to provide information about the subject business's operations, including the number of employees, historical expenses and revenues, and date of establishment (which had to be in or before February 2020). Applicants were typically required to corroborate those representations with supporting documentation, such as tax filings. Applicants were also required to certify that all the information in their applications was true and correct to the best of their knowledge.

4. Businesses with non-owner employees were generally required to have a nine-digit Employer Identification Number (EIN) to complete federal tax filings and to facilitate the withholding of payroll and unemployment taxes. Business owners could apply to the Internal Revenue Service (IRS) for the assignment of an EIN over the internet. Online applications for EINs were transmitted to the IRS's servers in Martinsbug, West Virginia.

5. After January 11, 2021, all PPP loan applications were submitted electronically through the SBA's cloud-based platform, which was hosted on computer servers located in the State of Oregon. From those servers, PPP loan applications and supporting documents were forwarded to participating lenders.

6. Itria Ventures LLC (Itria) was a PPP lender. Itria's offices were located at One Penn Plaza, Suite 4530, New York, NY 10119.

/ / /

/ / /

/ / /

## COUNTS 1-3
## (Wire Fraud)
## (18 U.S.C. § 1343)

7. The allegations in paragraphs 1 through 6 of this Indictment are incorporated as though realleged herein.

**THE SCHEME**

8. From not later than January 5, 2021, and continuing through at least April 14, 2021, defendant **WELLS** devised and intended to devise a material scheme to defraud the SBA and Itria and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

9. Specifically, **WELLS** applied for PPP loans using false borrower information with the intent to steal and to convert the proceeds of those loans to her personal use and without any intent to repay those loans or to use the proceeds thereof for any authorized purpose.

**MANNER AND MEANS**

It was part of this scheme that:

10. On January 5, 2021, **WELLS** applied to the IRS for an EIN to be assigned to "Kim's Cleaning, Inc.," a fictitious corporation. The IRS assigned the EIN 86-XXXX744.

11. On February 24, 2021, **WELLS** submitted PPP borrower application number 25629914 to the SBA and Itria on behalf of "Kim's Cleaning, Inc." In that application, **WELLS** claimed, *inter alia*, that the company had an "average monthly payroll" of $19,583 for 6 employees. These representations were false.

///

///

12. In support of and in conjunction with PPP borrower application number 25629914, **WELLS** submitted to Itria various documents that purportedly reflected the company's tax filings with the IRS. Among the documents were:

   a. A Schedule C (IRS Form 1040) for "Kims Cleaning Inc." for 2019, which bore the EIN 86-XXXX744 and reflected "[g]ross receipts or sales" of $820,705, and "[w]ages (less employment credits)" of $236,500;

   b. A Schedule C (IRS Form 1040) for "Kims Cleaning Inc." for 2020, which bore the EIN 86-XXXX744 and reflected "[g]ross receipts or sales" of $632,000 and "[w]ages (less employment credits)" of $236,000;

   c. An IRS Form 940 (Employer's Annual Federal Unemployment (FUTA) Tax Return) for 2020, which bore the EIN 86-XXXX744 and reflected "[t]otal payments to all employees of $236,500.00; and

   d. An IRS Form 941 (Employer's Quarterly Federal Tax Return) for "Kims Cleaning Inc." for the first quarter of 2020, which bore the EIN 86-XXXX744 and declared the "[n]umber of employees who received wages, tips, or other compensation" for the quarter to be 6 and the "[w]ages, tips, and other compensation" paid that quarter to have been $59,125.00.

None of these documents was ever filed with the IRS. As of June 15, 2021, the IRS had received no tax filings of any sort associated with the EIN 86-XXXX744.

13. Based on PPP borrower application number 25629914 and the documents **WELLS** submitted therewith, Itria agreed on or about February 27, 2021, to issue PPP loan number 9380878409 to Kim's Cleaning, Inc., in the amount of $48,957.50. Itria disbursed

**Indictment**                                                                                             **Page 4**

$23,957.50 to **WELLS**'s account at Lili, an online bank, on March 10, 2021, and the remaining $25,000 on March 25, 2021.

14.    **WELLS** used almost none of the PPP loan funds for authorized business purposes. Instead, between March 11, 2021, and July 19, 2021, **WELLS** spent approximately $22,505.28 of the loan proceeds at casinos, another $5,612.16 on airfare, hotels, rideshares, and other travel expenses, and more than $21,000 on sundry personal expenses.

15.    On April 14, 2021, **WELLS** applied for a second draw on her PPP loan. Specifically, **WELLS** submitted application number 28658540 to the SBA and Itria, seeking an additional $50,987.00. In that application, **WELLS** claimed, *inter alia*, that the "average monthly payroll" for Kim's Cleaning Inc. had increased to $20,395.00, while the company's "gross receipts" had declined from $638,000 in 2019 to $431,000 in 2020. These representations were false. In support of this application, **WELLS** again submitted various tax return documents. These documents were fraudulent, and they were never filed with the IRS. This application was unsuccessful.

## WIRE FRAUD

16.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendant, for purposes of attempting to execute and executing the above-described material scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises caused the following communications via interstate wire:

///

///

**Indictment**                                                                                                                **Page 5**

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 1 | January 5, 2021 | Online application to the IRS for an EIN, transmitted from Oregon to West Virginia |
| 2 | February 24, 2021 | Submission of PPP loan application number 25629914, transmitted from Oregon to New York |
| 3 | April 14, 2021 | Submission of PPP second draw loan application number 28658540, transmitted from Oregon to New York |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION

17. Upon conviction of the wire fraud offenses alleged in Counts 1 through 3 of this Indictment, or any of them, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in or derived from said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

18. If the above-described forfeitable property, as a result of any act or omission of defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

///

///

///

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: November 17, 2021                                A TRUE BILL.

                                                                                    ███████████████
                                                                                    OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
Acting United States Attorney

*[signature]*

RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney