**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ryan W. Bounds
Assistant U.S. Attorney
Ryan.Bounds@usdoj.gov
(503) 727-1141
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 2, 2022

Scott L. Mullins, Esq.
Mullins Law Office, LLC
1000 SW Broadway St., Suite 2300
Portland, Oregon 97205

    Re:   *United States v. Kimberly Aralene Wells*
            Case No. 3:21-cr-00437-SI

Dear Counsel:

This offer has been revised at your request.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: The defendant agrees to waive full discovery and substantive motions and to plead guilty to Count 2 of the Indictment filed in this matter, which charges her with Wire Fraud in violation of Title 18, United States Code, Section 1343. Defendant also admits the forfeiture allegation.

3.    **Penalties**: The maximum penalties for Count 2, Wire Fraud, are 20 years in prison, a fine of $250,000 (or, if greater, twice defendant's gross gain or the victims' gross losses), and 3 years of supervised release. In addition, defendant must pay a $100 fee assessment for each felony count of conviction. Defendant agrees to pay the fee assessment of $100 by the time of entry of guilty plea or explain to the satisfaction of the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees to forgo any additional charges against defendant resulting from this investigation, if, first, all the essential facts underlying such charges are known to the USAO at the time of this agreement and, second, defendant is convicted and sentenced in conformity with this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Scott L. Mullins, Esq.
Page 2
March 2, 2022

---

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Elements of the Offense**: For defendant to be found guilty of Wire Fraud as alleged in Count 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

   A. First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

   B. Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

   C. Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

   D. Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

Defendant stipulates that uncontested and admissible evidence of her relevant conduct as summarized in paragraph 7, *infra*, establishes each of the foregoing elements beyond any reasonable doubt.

7.  **Factual Basis and Relevant Conduct**: Defendant stipulates that the following is a true and accurate summary of her offense conduct. She further agrees and avers that every statement herein and every allegation in the Indictment is true and correct and that the government could prove every statement beyond a reasonable doubt at trial, including through evidence of these admissions.

   a) In the spring of 2020, defendant was either unemployed or worked intermittently as a self-employed housecleaner. She was in a romantic relationship with Sean Kirkpatrick.
   b) After the CARES Act was enacted in March 2020, defendant learned from Kirkpatrick and others that she could procure, quickly and with limited scrutiny, a COVID-relief loan guaranteed by the United States Small Business Administration ("SBA") by submitting a fraudulent loan application on behalf of a fictitious or newly created shell company.
   c) To perpetrate this scheme, defendant obtained from the Internal Revenue Service an Employer Identification Number ("EIN") for a fictitious cleaning business, "Kim's Cleaning, Inc.," on January 5, 2021.
   d) On February 24, 2021, and again on April 14, 2021, defendant applied for Paycheck Protection Program ("PPP") funds from Itria Ventures LLC ("Itria') by

    submitting false and fraudulent applications via wire transmissions from Oregon to Itria's computer servers in New Jersey.

e) In her applications, defendant falsely claimed that "Kim's Cleaning, Inc.," posted gross annual receipts of more than $600,000 and maintained an average monthly payroll of more than $19,000. In fact, the company existed in name only and had no employees.

f) As a result of her false and fraudulent loan applications, defendant induced Itria to disburse a total of $48,957.50 to her online bank account in March 2021. Defendant spent almost all the funds on personal expenses, including travel and gambling.

g) In addition to the foregoing principal amounts, defendant caused SBA to pay lender fees of $2,500 for defendant's PPP loan. All told, defendant caused actual fraud losses of **$51,457.50.**

h) Defendant also submitted at least three fraudulent applications to the SBA for Economic Injury Disaster Loans between July 3, 2020, and May 8, 2021. None of these applications was successful.

The parties stipulate that the offense level applicable to Count 2 of the Indictment based on the foregoing relevant conduct is **15**, pursuant to U.S.S.G. § 2B1.1(a)(1) (base offense level for wire fraud of seven), (b)(1)(D) (six-level enhancement for loss exceeding $40,000 but less than $95,000), (b)(10) (two-level enhancement for sophisticated means).

8. **Acceptance of Responsibility**: The defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, again obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives her rights to further production of evidence or information from the government, even though she may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

10. **Recommendation of Two-Level Downward Variance and Low-End Sentence**: In consideration of defendant's waiver of substantive motions, rights of appeal, collateral attack, and full discovery, her prompt acceptance of responsibility as described in paragraph 8, *supra*,

Scott L. Mullins, Esq.
Page 4
March 2, 2022

and her compliance with all other terms of this agreement, the USAO will recommend a downward variance of two levels and a sentence at the low end of the resulting Guideline range. (Although the final recommendation will depend on defendant's criminal history, the USAO anticipates that the government's sentencing recommendation will be at least 8 months' imprisonment.) The USAO shall recommend defendant's period of incarceration be followed by three years' supervised release. Defendant may argue for any sentence, including probation.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence exceeding the advisory guideline sentencing range as determined by the Court at the time of sentencing without required notice to the parties. Should defendant seek an appeal despite this waiver, the USAO may take any position on any issue on appeal and may pursue any charges forgone pursuant to this agreement. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that these waivers shall remain effective if the USAO alters its sentencing recommendation consistent with the terms of this agreement or because defendant otherwise breaches this agreement.

12.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.     **Payment of Full Restitution**: Defendant agrees to an order of full restitution to all victims of the offenses of conviction and her relevant conduct pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant specifically agrees that the Court is required to and shall impose an order of restitution to the SBA and Itria Ventures LLC in an amount of not less than **$51,457.50**.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

Scott L. Mullins, Esq.
Page 5
March 2, 2022

records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office. The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1. Defendant agrees to submit to examination under oath and/or a polygraph examination by an examiner selected by the USAO, on the issue of defendant's financial disclosures and assets.

### Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's relevant conduct, regardless of whether the Indictment alleges such conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15. **Forfeiture Terms**:

    **A.**    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to **$48,957.50** pursuant to 18 U.S.C. § 982,

Scott L. Mullins, Esq.
Page 6
March 2, 2022

which defendant admits represents proceeds defendant personally obtained, directly or indirectly, as a result of defendant's criminal activity set forth in Count 2 of the Indictment.

      **B.**    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or rescind her waivers of appeal and post-conviction relief, as described in paragraph 11, *supra*.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and shall be precluded thereby from raising a breach claim for the first time on appeal.

17.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

(Continued on next page.)

18. **Deadline**: This plea offer expires if not accepted and signed by defendant and counsel and received by the USAO by noon on March 4, 2022.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney

*[signature]*

RYAN W. BOUNDS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

3/2/2022
Date

*[signature]*
Kimberly Aralene Wells, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/2/2022
Date

*[signature]*
Scott L. Mullins, Esq.
Attorney for Defendant